IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTIS LEE GREEN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:12-CV-2376-D-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Artis Lee Green, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application should be dismissed on limitations grounds.

I.

In 2010, petitioner was convicted of theft of property and sentenced to 20 years' imprisonment. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Green*, WR-40,197-02 (Tex. Crim. App. May 11, 2011). The second application was dismissed as successive pursuant to TEX. CODE CRIM. PROC. art. 11.07, § 4(a)-(c). *Ex parte Green*, WR-40,197-03 (Tex. Crim. App. Feb. 15, 2012). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner generally claims that he received ineffective assistance of counsel and his sentence was not authorized by law. Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was

invited to address the limitations issue in a reply, but failed to do so. .

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

Petitioner was sentenced to 20 years in prison for theft of property. Judgment was entered on July 20, 2010. No appeal was taken. Therefore, petitioner's conviction became final 30 days after his conviction – on August 19, 2010. *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal

case must be filed within 30 days after sentence is imposed). Petitioner filed an application for state post-conviction relief on February 8, 2011. The application was denied on May 11, 2011. Petitioner filed another application for state post-conviction relief on December 2, 2011[1], and that application was dismissed as successive on February 15, 2012. Petitioner filed this action in federal court on July 9, 2012.

The AEDPA statute of limitations started to run on August 19, 2010, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from February 8, 2011 until May 11, 2011, a total of 93 days, while his first state writ was pending, and from December 2, 2011 until February 15, 2012, a total of 76 days, when his second state writ was pending. *See Mathis v. Thaler,* 616 F.3d 461, 472 (5th Cir. 2010). Even allowing for this tolling period, petitioner filed his federal writ 156 days after the expiration of the one-year statute of limitations. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

DATED: October 24, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Although petitioner's second state habeas application was received by the Fifth Circuit Court of Appeals on November 11, 2011 and returned to him, it was only properly filed when received by the state district court on December 2, 2011. *See, e.g., Jones v. Dretke,* No. 3:04-CV-0017-D, 2004 WL 1146588 at *2 (N.D. Tex. May 20, 2004), *rec. adopted,* 2004 WL 1253384 (N.D. Tex. June 7, 2004) (habeas petitioner who sent pleading to wrong court was not entitled to tolling absent proof that state was somehow responsible for the error).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE